IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KAREN A. SCHOTTELKOTTE, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HARD ROCK CASINO CINCINNATI, LLC,<br><br>Defendant. | Case No. 1:24-cv-00268<br><br>JURY TRIAL DEMANDED<br><br>CLASS ACTION |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Karen A. Schottelkotte ("Plaintiff"), individually, and on behalf of all others similarly situated, brings this Class and Collective Action Complaint against Hard Rock Casino Cincinnati, LLC ("Defendant"), and hereby states and alleges as follows:

**INTRODUCTION**

1. Plaintiff and all other similarly situated employees work or worked for Defendant, a casino located in Cincinnati, Ohio.

2. Pursuant to its casino-wide policies and procedures, Defendant failed to pay Plaintiff, and other similarly situated employees, the mandated federal minimum wage rate for all hours worked and overtime for all hours worked over 40 in a single workweek. Specifically, Defendant failed to properly inform its tipped employees of the required tip credit provisions prior to paying a sub-minimum direct cash wage and, as a result, Defendant may not claim a tip credit.

3. Defendant's systemic violation of federal and state wage laws was willful.

4. Plaintiff, individually and on behalf of all others similarly situated, brings this lawsuit as: (a) a collective action under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201,

1

*et seq.*, to recover unpaid minimum and overtime wages owed to Plaintiff and all other similarly situated workers employed by Defendant; and (b) a Rule 23 class action under Ohio state law, including the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code Ann. §§ 4113.15.

## JURISDICTION AND VENUE

5. Federal question jurisdiction over the FLSA claims of Plaintiff and all others similarly situated is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Supplemental jurisdiction over the state law claims of Plaintiff and all others similarly situated is based on 28 U.S.C. § 1367, in that the state law claims are so related to the FLSA claims that they form part of the same case or controversy.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

8. Plaintiff is a resident of Hamilton County, Ohio. From approximately February 2013 through March 2024, Plaintiff was employed by Defendant at its casino property located at 1000 Broadway Street, Cincinnati, Ohio 45202. During her employment, Plaintiff worked as a Table Games Dealer, which is a tipped, hourly, non-exempt position. Plaintiff's Consent to Be a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

9. Defendant is a limited liability company organized under the laws of the State of Delaware. Defendant is registered to do business and does conduct business in the State of Ohio. Specifically, Defendant operates a casino property located in Cincinnati, Ohio.

10. At all relevant times, Defendant is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §

203(s)(1), and, upon information and belief, has had an annual gross volume of sales made or business done of not less than $500,000.

11. At all relevant times, Defendant was the employer of Plaintiff, and all other similarly situated employees.

12. At all times relevant to this action, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

13. Plaintiff and all similarly situated employees are non-exempt, hourly employees who work or worked for Defendant within the respective limitations periods.

## OVERVIEW OF PLAINTIFF'S CLAIMS

### Entitlement to the Tip Credit – Failure to Give Notice

14. An employer may, in certain circumstances, take a "tip credit" toward its minimum wage obligations for tipped employees. Pursuant to the explicit language of the FLSA, a tip credit may not be taken "with respect to any tipped employee unless such employee has been informed by the employer of the provisions of [29 U.S.C. § 203(m)], and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m)(2).

15. The Department of Labor's interpreting regulations concerning Section 3(m) provide as follows:

> [A]n employer is not eligible to take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the Act, i.e.: [1] The amount of the cash wage that is to be paid to the tipped employee by the employer; [2] the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; [3] that all tips received by the tipped employee must be retained by

3

> the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and [4] that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

29 C.F.R. § 531.59(b).

16. Defendant employs Plaintiff and other similarly situated tipped employees by paying a sub-minimum direct cash wage but failed to properly notify them of the tip credit requirements of the FLSA.

17. Specifically, Plaintiff and other similarly situated tipped employees are not informed, in advance of Defendant's use of the tip credit, of: (1) the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by Defendant, which amount may not exceed the value of the tips actually received the employee; (2) that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (3) that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

18. As Defendant has failed to properly inform Plaintiff and other similarly situated tipped employees of the required tip credit provisions, Defendant has willfully violated federal law by failing and refusing to pay all minimum wages due and owing.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

19. Plaintiff re-alleges the allegations set forth above.

20. Plaintiff brings Count I, the FLSA claim arising out of Defendant's tip credit notification policy, as an "opt in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following collective action class:

**FLSA Unlawful Tip Credit Collective**

4

> All persons employed by Defendant during the relevant period and paid a direct cash wage of less than $7.25 per hour.

At present, the relevant period includes the three-year period prior to the filing of the Class and Collective Action Complaint and extends forward to the present. The collective defined herein remains subject to change or modification based on, among other things, certification-related discovery, agreement of the parties, and/or Order of the Court.

21. Plaintiff's FLSA claim (Count I) may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

22. Plaintiff, individually and on behalf of all others similarly situated, seeks relief on a collective basis challenging Defendant's above-described FLSA violations. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendant's records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

23. Plaintiff brings Count II, the OPPA claim arising out of Defendant's unlawful tip credit notification policy, as a class action under Fed. R. Civ. P. 23, on behalf of herself and the following class:

### OPPA Unlawful Tip Credit Class

> All persons employed by Defendant during the relevant period and paid a direct cash wage of less than $7.25 per hour.

At present, the relevant period includes the two-year period prior to the filing of the Class and Collective Action Complaint and extends forward to the present. The class defined herein remains subject to change or modification based on, among other things, certification-related discovery, agreement of the parties, and/or Order of the Court.

24. Plaintiff's Ohio state law claim (Count II) described in detail below, satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

25. The class numbers in the hundreds, if not thousands, of persons. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this action through regular mail, e-mail, and/or posting of an approved notice.

26. There are common questions of fact and law to the classes that predominate over any questions affecting only individual class members. The questions of law and fact common to the classes arising from Defendant's actions include, without limitation, the following:

    a. Whether Defendant violated the OPPA by paying Plaintiff and class members less than all "wages earned" when it paid them less than $7.25 per hour for regular hours worked;

    b. Whether Defendant gave Plaintiff and class members advance notice of its use of a tip credit, and whether, as a result, said tip credit was legally valid; and

    c. Whether Defendant acted in good faith.

27. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

28. Plaintiff's claims are typical of those of the respective classes in that class members have been employed in the same or similar positions as Plaintiff and were subject to the same or similar unlawful practices as Plaintiff.

29. A class action is the superior method for the fair and efficient adjudication of Plaintiff's claims. Defendant has acted or refused to act on grounds generally applicable to the classes. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

30. Plaintiff is an adequate representative because she is a member of each of the classes she seeks to represent, and her interests do not conflict with the interests of the members of those classes. The interests of the members of the classes will be fairly and adequately protected by Plaintiff and her undersigned counsel, who are experienced prosecuting complex wage and hour, employment, and class action litigation.

31. Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in consistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

### ALLEGATIONS APPLICABLE TO THE FLSA CLAIM (COUNT I)

32. At all times material herein, Plaintiff and all others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

33. The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

34. Defendant is subject to the minimum wage and overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

35. During all relevant times to this action, Defendant was the "employer" of Plaintiff and all similarly situated employees within the meaning of the FLSA. 29 U.S.C. § 203(d).

36. During all times relevant to this action, Plaintiff and all similarly situated employees were Defendant's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

37. Plaintiff and all similarly situated employees are covered, non-exempt employees within the meaning of the FLSA. Accordingly, Plaintiff and all similarly situated employees must be paid minimum wage in accordance with 29 U.S.C. § 206.

38. Pursuant to the FLSA, employees are also entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. 29 U.S.C. § 207(a).

39. Although the FLSA contains some exceptions (or exemptions) from the minimum wage and overtime requirements, none of those exceptions (or exemptions) applies here.

40. Plaintiff and all similarly situated employees are victims of uniform and compensation policies.

41. Plaintiff and all similarly situated employees are entitled to damages equal to the mandated minimum wage and overtime premium pay within the three (3) years preceding the filing of the Class and Collective Action Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard of whether its conduct was prohibited by the FLSA.

42. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other

similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages as described by Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant acted in good faith or with reasonable grounds in failing to pay minimum wage and overtime compensation, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

43. As a result of these violations of the FLSA's minimum wage and overtime pay provisions, compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, pursuant to 29 U.S.C. § 216(b), Defendant is liable for the unpaid minimum wages and overtime premium pay along with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## ALLEGATIONS APPLICABLE TO THE OPPA CLAIM (COUNT II)

44. At all times relevant, Plaintiff and the class members have been entitled to the rights, protections, and benefits provided under the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code Ann. §§ 4113.15.

45. During all times relevant to this action, Defendant was the "employer" of Plaintiff and the class members within the meaning of the OPPA, or otherwise subject to its statutory provisions.

46. During all times relevant to this action, Plaintiff and the class members were Defendant's "employees" within the meaning of the OPPA.

47. Pursuant to OPPA, "[e]very employer doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth

day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month." Ohio Rev. Code Ann. § 4113.15(A).

48. Plaintiff and the class members are victims of uniform and employer-based compensation policies in violation of the OPPA.

49. Plaintiff and the Class are entitled to damages equal to the amount of unpaid wages, as well as liquidated damages in an amount equal to 6% of the amount of the claim still unpaid and not in contest or disputed or $200, whichever is greater. Ohio Rev. Code Ann. § 4113.15(A).

## COUNT I - FLSA (Unpaid Minimum Wages)
### Arising Out of Defendant's Failure to Give Notice of Intent to Claim a Tip Credit

50. Plaintiff re-alleges the allegations set forth above.

51. Defendant violated the FLSA by failing to pay Plaintiff and all others similarly situated minimum wages for all hours worked in a workweek.

52. Specifically, Defendant paid Plaintiff and others similarly situated below the federal minimum wage rate without complying with the "tip credit" rules required for an employer to pay less than the federal minimum wage.

53. In particular, Plaintiff and other similarly situated tipped employees were not informed, in advance of Defendant's use of the tip credit, of: (1) the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by Defendant, which amount may not exceed the value of the tips actually received the employee; (2) that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (3) that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

10

54. Defendant failed to comply with the notification requirements set forth within the express language of the FLSA and supporting federal regulations. 29 U.S.C. § 203(m)(2); 29 C.F.R. § 531.59(b).

55. As Defendant has failed to properly inform Plaintiff and other similarly situated tipped employees of the required tip credit provisions and are not entitled to claim a tip credit, Defendant have willfully violated state and/or federal law by failing and refusing to pay all minimum wages due and owing to Plaintiff and all other similarly situated employees.

56. Defendant's practice was to unlawfully and willfully fail to comply with the requirements for its entitlement to a tip credit and therefore, Plaintiff and the similarly situated tipped employees were not properly paid minimum wages pursuant to the FLSA.

57. WHEREFORE, on Count I of this Class and Collective Action Complaint, Plaintiff and all similarly situated employees demand judgment against Defendant and pray this Court:

    a. Issue notice to all similarly situated employees of Defendant informing them of their right to file consents to join the FLSA portion of this action;

    b. Award Plaintiff and all similarly situated employees damages for unpaid minimum wages under 29 U.S.C. § 216(b);

    c. Award Plaintiff and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

    d. Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

    e. Award Plaintiff and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b);

    f. Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

11

## COUNT II – Violation of OPPA

### Arising Out of Defendant's Unlawful Tip Credit

58. Plaintiff re-alleges the allegations as set forth above.

59. Defendant violated the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code Ann. §§ 4113.15 by failing to pay Plaintiff and all other similarly situated employees the wages earned for all wages to which they are entitled by operation of law.

60. Pursuant to OPPA, "[e]very employer doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month." Ohio Rev. Code Ann. § 4113.15(A).

61. By law, Plaintiff and all other similarly situated employees are due to be paid $7.25 per hour for all regular time worked.

62. Defendant paid Plaintiff and others similarly situated below the federal minimum wage rate without complying with the "tip credit" rules required for an employer to pay less than the federal minimum wage. *See* 29 U.S.C. § 203(m)(2); 29 C.F.R. § 531.59(b).

63. In particular, Plaintiff and other similarly situated tipped employees were not informed, in advance of Defendant's use of the tip credit, of: (1) the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by Defendant, which amount may not exceed the value of the tips actually received the employee; (2) that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (3) that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

64. Thus, by law, Defendant is not permitted to claim a tip credit, thereby bringing Plaintiff and all similarly situated employees' wages below the FLSA minimum for regular hours worked.

65. Plaintiff and all other similarly situated employees seek to recover under the OPPA the difference between what they were paid by Defendant and the amount to which they were entitled by law.

66. As a result of these practices, Defendant paid Plaintiff and all similarly situated employees less than wages earned by them under the law; that being $7.25 for all regular hours worked.

67. Defendant's actions and/or omissions were not in good faith.

68. WHEREFORE, on Count II of this Class and Collective Action Complaint, Plaintiff and the class members demand judgment against Defendant and prays this Court:

    a. Certify the state law claim set forth in Count II above as a class action pursuant to Fed. R. Civ. P. 23;

    b. Award Plaintiff and the Class damages for the amount of unpaid wages due;

    c. Award Plaintiff and the Class liquidated damages under Ohio Rev. Code Ann. § 4113.15(A);

    d. Award Plaintiff and the Class pre-judgment and post-judgment interest as provided by law;

    e. Award Plaintiff and the Class such other relief as the Court deems fair and equitable.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury of all issues so triable.

Dated: May 8, 2024　　　　　　　　　　　Respectfully submitted,

J. Corey Asay
HKM EMPLOYMENT ATTORNEYS LLP
312 Walnut Street, Suite 1600
Cincinnati, Ohio 45202
T: (513) 318-4496
F: (513) 318-4496
E: casay@hkm.com

**STUEVE SIEGEL HANSON LLP**
George A. Hanson, MO Bar No. 43450
*pro hac vice application forthcoming*
Alexander T. Ricke, MO Bar No. 65132
*pro hac vice application forthcoming*
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:　　816-714-7100
Facsimile:　　816-714-7101
Email: hanson@stuevesiegel.com
Email: ricke@stuevesiegel.com

**McCLELLAND LAW FIRM, P.C.**
Ryan L. McClelland, MO Bar No. 59343
*pro hac vice application forthcoming*
The Flagship Building
200 Westwoods Drive
Liberty, Missouri 64068
Telephone:　　816-781-0002
Facsimile:　　816-781-1984
Email: ryan@mcclellandlawfirm.com

**ATTORNEYS FOR PLAINTIFF**